


IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ELTON G. VANN, JR., §
§
Plaintiff, §
§
VS. § NO. 4:15-CV-277-A
§
ALLSTATE INSURANCE COMPANY, §
ET AL., §
§
Defendants. §

MEMORANDUM OPINION
and
ORDER

The above-captioned action was initiated by plaintiff, Elton G. Vann, Jr., by the filing of his petition in the District Court of Tarrant County, Texas, 342nd Judicial District, on March 2, 2015. He named as defendants Allstate Insurance Company ("Allstate"), Warren Barfield ("Barfield"), David Rydell ("Rydell"), and Jacob Canonico ("Canonico").

Plaintiff alleged in his petition that Allstate provided insurance coverage on his property in Azle, Texas, when the property was damaged by a hail and wind storm occurring on April 13, 2014, that Allstate has failed to pay plaintiff the benefits to which plaintiff says he is entitled under the policy by reason of the damage to his property, and that Barfield, Rydell, and Canonico were claims adjusters who were assigned by Allstate to adjust plaintiff's property damage claim. Plaintiff

alleged various theories of recovery against Allstate and the claims adjusters.

On April 8, 2015, Allstate removed the action to this court based on diversity jurisdiction. The notice of removal contained allegations establishing diversity of citizenship and the requisite amount in controversy as to plaintiff's claims against Allstate. In the notice of removal Allstate acknowledged that plaintiff is a citizen of the State of Texas and that Barfield, Rydell, and Canonico each likewise is a citizen of the State of Texas, with the result that complete diversity of citizenship would not exist if Barfield, Rydell, or Canonico was properly joined as a defendant. Allstate pleaded that the three claims adjusters were improperly and/or fraudulently joined as defendants, with the consequence that the citizenship of each of those defendants should be disregarded in determining whether complete diversity exists.

Plaintiff has not filed a motion to remand to state court, but that does not relieve this court of the obligation to determine whether it has subject matter jurisdiction. It does not have subject matter jurisdiction if any of the claims adjusters was properly joined, but does have subject matter jurisdiction if they were improperly or fraudulently joined.

The joinder of a local claims adjuster in a state court action against a non-citizen insurance company in an attempt to avoid federal court jurisdiction apparently has become a popular tactic. See, e.g., Plascencia v. State Farm Lloyds, No. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081, at *1 (N.D. Tex. Sept. 25, 2014); Davis v. Metropolitan Lloyds Ins. Co. of Tex., No. 4:14-CV-957-A, 2015 WL 456726, at *1 (N.D. Tex. Feb. 3, 2015). After a study of plaintiff's state court pleading, and a review of the applicable legal authorities, the court has concluded, for essentially the same reasons given in Plascencia and Davis why the claims adjusters were improperly joined in those cases, that plaintiff named Barfield, Rydell, and Canonico as defendants in this action for the purpose of attempting to defeat federal court jurisdiction. The court has concluded that none of the claims asserted against those individuals would survive a motion to dismiss for failure to state a claim upon which relief may be granted, with the consequence that the citizenships of those defendants should be disregarded in determining whether diversity jurisdiction exists. And, the court has concluded, for the same reason, that the claims against those defendants should be dismissed.

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff against Barfield, Rydell, and Canonico be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissals.

SIGNED May 12, 2015.

JOHN McBRYDE
United States District Judge